**Camille A. MEALY, etc.**

v.

**QUALITY CONSTRUCTION COMPANY.**

Civ. A. No. 77–0477–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 7, 1978.

Charles E. Walker, Richmond, Va., for plaintiff.

Henry Lincoln Johnson, Jr., Washington, D. C., S. DeLacy Stith, Portsmouth, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

The above styled action filed 19 August 1977 is a personal injury action seeking damages in the amount of $12,000. On 30 November 1977 counsel submitted to the Court a sketch for an order reciting that the controversy had been compromised and settled and directing that the action be dismissed with prejudice to plaintiff. Counsel, however, had overlooked the fact that this diversity action involves an infant plaintiff. No compromise or settlement can be reached without approval of the Court, infants being the special wards of the Court. Hence, the proposed order was refused and the reason for such refusal was stated in the order. Counsel failed to take any further action with regard to their proposed settlement agreement and by order of the Court the matter was heard in open court on 28 March 1978.

At the hearing counsel revealed to the Court that their settlement agreement had been in the amount of $600. Additionally, plaintiff introduced evidence that total out of pocket expenses were in the amount of $138.95. Such revelations gave the Court pause regarding whether the $10,000 jurisdictional requirement pursuant to 28 U.S.C. § 1332(a) had in fact been satisfied considering the proposed settlement agreement was so low and had been reached within approximately 90 days subsequent to the filing of the action.[1]

The Court is mindful of the well-settled rule that in a tort action for unliquidated damages brought in or removed to the United States courts, the plaintiff's claim for damages will ordinarily be looked to and relied upon in determining the amount or value of the matter in controversy for jurisdictional purposes. Annot., 47 A.L.R.2d 651 (1956). Nevertheless, statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts are to be resolved against federal jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

In *Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 170 n. 1 (4th Cir. 1966), the Fourth Circuit Court of Appeals stated the following:

The test for determining jurisdiction based upon the amount involved is primarily one of good faith. However, before dismissal of an action it must appear to a legal certainty that the plaintiff cannot recover the amount claimed. The mere fact that a lower amount is awarded does not establish bad faith. [citations omitted]. Here, plaintiff's medical and hospital expenses and his loss of earnings amounted only to approximately $500.00 although admittedly there was the additional claim of damages for present and future pain and suffering. Following a short period, according to the evidence, plaintiff had returned to his former job and was no longer under a doctor's care. Our attention is drawn to this situation because of the ever-increasing caseload and congested condition of the dockets of both the District Courts and the Courts of Appeals. Congress acted to raise the federal jurisdictional amount from $3,000 to $10,000, undoubtedly intending to relieve the federal courts of litigation of relatively minor importance. In cases where the plaintiff's actual damages are small and his injury clearly appears slight, the District Court should carefully scrutinize the

---

1. At one point in his presentation counsel for plaintiff mentioned the absence of liability insurance and the near bankruptcy of defendant as a basis for the "low" settlement amount. But counsel later admitted that he had verified neither of these claims by defendant and, more importantly, that neither had affected his evaluation of the case for settlement purposes.

special damages and the offers of proof. A vigorous, aggressive and intelligent inquiry at the pre-trial stage and the dismissal because of the lack of jurisdiction where warranted will, it is hoped, have the salutary effect of discouraging the institution of actions in the federal courts where it is clearly apparent that the plaintiff has arbitrarily and without justification alleged damages equal to or in excess of the statutory amount so that he may invoke the jurisdiction of a federal court.

In order to resolve the doubt referred to in *Whitelock, supra,* the Court personally inspected the scar, the only permanent injury. It is practically nonexistent. Plaintiff had to point to the spot before the Court could ascertain that there is, in fact, a scar on the child's arm.

■ Based on the pleadings and proof in the instant case, the Court is satisfied to a legal certainty that plaintiff was and is not entitled to recover the jurisdictional amount and the ad damnum was set merely for the purpose of conferring jurisdiction. Hence, following the command of the footnote in *Gauldin, supra,* the Court opines that the case at bar should be dismissed for lack of jurisdictional amount involved, the Court being of the opinion that the action was not instituted in good faith, and that the evidence presented, to a legal certainty, would not sustain or permit recovery of $10,000.00 for the plaintiff.

An appropriate order shall issue.